IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VICTOR BOWEN                                                                                          PETITIONER

v.                                                                                              No. 3:17CV147-NBB-DAS

BRAD LANCE                                                                                         RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Victor Bowen for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has responded, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Victor Bowen is currently in the custody of the Mississippi Department of Corrections and is currently housed at the Leake County Correctional Facility in Carthage, Mississippi. On December 17, 2012, Mr. Bowen was indicted in Panola County Circuit Court, First Judicial District, on the charge of sale of cocaine. *See* Exhibit A[1] (Docket and Indictment in Cause Number CR2012-78JMP1). On February 12, 2015, Mr. Bowen pled guilty to the charge of sale of cocaine, less than two grams. *See* Exhibit B (Petition to Enter Plea of Guilty and Transcript). The Panola County Circuit Court sentenced Mr. Bowen to serve a term of one day of incarceration in the Mississippi Department of Corrections ("MDOC"), and upon release, to serve a term of five years of post-release supervision. *See* Exhibit C.

---

[1] The exhibits referenced in the instant memorandum opinion may be found in the State's motion to dismiss.

Mr. Bowen submitted a letter to the *Tate* County Circuit Clerk on July 13, 2017, indicating that he *would like to file* a motion for post-conviction relief. *See* Exhibit D. In response to Mr. Bowen's letter, the Tate County Circuit Clerk mailed Mr. Bowen information on how to proceed on such a motion *in forma pauperis*, then forwarded all his correspondence to the *Panola* County Circuit Court, First Judicial District, *where Bowen's case was actually pending*. *Id.* While Bowen returned an "Affidavit of Poverty," court records reflect that he never submitted a post-conviction relief motion to the Panola County Circuit Court.[2] *Id.*

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] A staff attorney for the Seventeenth Circuit Court District informed counsel for the State that, in an effort to clear up any confusion on Mr. Bowen's part, the Panola County Circuit Clerk will file Mr. Bowen's "Affidavit of Poverty," and the Panola County Circuit Court will enter an order advising Bowen on how to proceed on any post-conviction relief motion. However, as of the filing of the State's Motion to Dismiss, the Bowen's "Affidavit of Poverty" has not yet been filed, and Mr. Bowen has no other cases filed in Panola County Circuit Court.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

There is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. Mr. Bowen's judgment thus became final on February 12, 2015, the date on which the circuit court sentenced him on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, under 28 U.S.C. § 2244(d)(2), the deadline to seek federal *habeas corpus* relief became February 12, 2016. Mr. Bowen's July 13, 2017, letter (to the wrong court) conveying merely his *intention* to file a state application for post-conviction collateral relief does not constitute a properly filed application under 28 U.S.C. § 2244(d)(2). In addition, he mailed the letter long after the federal *habeas corpus* limitations period expired (on February 12, 2016). Thus, Mr. Bowen does not enjoy statutory tolling of the one-year limitations period, and the deadline for seeking *habeas corpus* relief remained February 12, 2016.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was

filed sometime between the date it was signed on August 11, 2017[3], and the date it was received and stamped as "filed" in the district court on August 14, 2017. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 546 days after the February 12, 2016, filing deadline. The petitioner has not alleged any "rare and exceptional" circumstance to warrant equitable tolling, *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999); thus, the instant petition will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of August, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE

---

[3] Mr. Bowen failed to date his federal petition for a writ of *habeas corpus*; as such, the court will give him the benefit of the general three-day mailing rule. *See,* Fed. R. Civ. P. 6(d).